ELIZABETH MAHONEY AND ROBERT J. MAHONEY, APPELLEES, V. UNION PACIFIC RAILROAD EMPLOYES' HOSPITAL ASSOCIATION, APPELLANT.

471 N.W.2d 438

Filed July 5, 1991.   No. 89-351.

Michael W. Pirtle and Betty L. Egan, of Walentine, O'Toole, McQuillan & Gordon, for appellant.

Eugene P. Welch and Lynn Ann Killeen, of Gross & Welch, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

The Union Pacific Railroad Employes' Hospital Association (Association) appeals from an order granting summary judgment to Elizabeth and Robert J. Mahoney, the plaintiffs, in this contract action seeking reimbursement of medical expenses for injuries sustained by Elizabeth Mahoney. The trial court entered a judgment of $83,736.53 for the Mahoneys and awarded them $18,000 for attorney fees. The Association's motion for new trial was overruled, and this appeal followed.

On May 23, 1986, Elizabeth and Robert Mahoney were dining at the South Omaha VFW hall. Elizabeth Mahoney fell down a flight of stairs near the ladies' restroom and was taken to the University of Nebraska Medical Center by ambulance. As part of her medical treatment, a blood sample was taken, which showed a .201 blood alcohol level. Upon admission, she was diagnosed as having sustained a closed head trauma with subarachnoid hemorrhage and probable fracture at the base of the skull, left tripod fracture, and multiple abrasions and bruises. Upon her transfer to St. Joseph Hospital on May 27, her medical record indicated that she had sustained multiple trauma with basilar skull fracture, a retrobulbar hemorrhage behind the eye, a left tripod fracture, bilateral Colles' wrist fractures, a compression fracture of the fifth thoracic vertebra, right segmental infarct of the right kidney, right pretibial lacerations, and multiple abrasions and bruises. She remained at St. Joseph until July 22, when she was moved to the Bergan

Mercy Care Center, where she stayed until August 15. Throughout the hospitalizations she incurred medical expenses of $83,736.53. The record indicates that Elizabeth Mahoney remains virtually a quadriplegic, is confined to a wheelchair, is severely confused, and has little ability to speak.

Elizabeth Mahoney is retired from the Union Pacific Railroad and is enrolled in the Association, which was formed to provide medical, surgical, and hospital services to sick or injured active or retired employees. Article VII of the Association regulations, "Benefit Exclusions," provides:

> Section 1. Benefits will not be granted in the following circumstances, except as provided in these regulations.
>
> . . . .
>
> (e) Any sickness or injury directly due to or contributed to in any way by alcoholic intoxication where intoxication is clinically proven and exceeds the legal limits of the State in which sickness or injury occurred.

Based on this exclusion, the Association denied the Mahoneys' claim. It asserted that Elizabeth Mahoney's injuries were directly due to or contributed to by alcoholic intoxication and that her .201 percent blood alcohol level exceeded the "legal limits" of Nebraska under Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1986), the statute governing operation of motor vehicles by intoxicated drivers. The Mahoneys filed suit against the Association, and the Mahoneys' motion for summary judgment was granted. The Association assigns as error the trial court's grant of summary judgment and its award of $18,000 in attorney fees pursuant to Neb. Rev. Stat. § 44-359 (Reissue 1988).

In our review of summary judgment, we note that summary judgment is appropriate when the pleadings, depositions, admissions, stipulations, and affidavits in the record show that no genuine issue exists as to any material fact or as to the ultimate inferences that may be drawn from any material fact and that, as a matter of law, the moving party is entitled to judgment. *Flynn v. Bausch, ante* p. 61, 469 N.W.2d 125 (1991). We also note that certain of the facts in this case were stipulated to by both parties. Therefore, " 'we review this case as if trying it originally in order to determine whether the facts warranted

the judgment.' " *Dobias v. Service Life Ins. Co., ante* p. 87, 89, 469 N.W.2d 143, 145 (1991), quoting *Dugdale of Nebraska v. First State Bank*, 227 Neb. 729, 420 N.W.2d 273 (1988).

In reviewing the coverage provided by an insurance policy, we have held that the policy

> "is to be construed as any other contract to give effect to the parties' intentions at the time the contract was made. . . . Where the terms of such a contract are clear, they are to be accorded their plain and ordinary meaning. . . . On the other hand, where a clause in an insurance contract can be fairly interpreted in more than one way, there is ambiguity to be resolved by the court as a matter of law."

*Dobias, supra* at 89-90, 469 N.W.2d at 145, quoting *Malerbi v. Central Reserve Life*, 225 Neb. 543, 407 N.W.2d 157 (1987).

The question raised here concerns the policy's exclusion of injuries related to intoxication, where the intoxication is clinically proven and exceeds the legal limits of the state in which sickness or injury occurred. The Association asks us to interpret the policy to find that the "legal limit" in the policy is the same limit defined in the statute governing operation of a motor vehicle while intoxicated, or .10 percent in the case of blood alcohol. The Mahoneys argue that there is no legal limit for nondriving intoxication in Nebraska, and therefore the policy exclusion is inapplicable. We agree with the Mahoneys.

The Association admits that § 39-669.07, the driving while intoxicated law, is the only Nebraska statute which provides any guideline for intoxication and that its context is related to motor vehicles. However, the Association argues that there is nothing which prevents it from adopting the DWI standard as the legal limit for its policy. That much is true. But the policy does not clearly specify that the DWI standard has been adopted.

To support its position, the Association has offered an affidavit from the chairman of its board of trustees which states that the exclusion in question has been included in the policy since its inception in 1947 and that the board was referring to the definition of intoxication provided in each state's DWI statute. While we note the asserted intent of the board, we do not find that the policy provided the necessary specificity in the

definition, and we do find "legal limit" as used in the policy is ambiguous. As we have held:

> The resolution of an ambiguity in a policy of insurance turns not on what the insurer intended the language to mean, but what a reasonable person in the position of the insured would have understood it to mean at the time the contract was made. . . . In the case of ambiguity in an insurance contract, a construction favorable to the insured prevails so as to afford coverage.

*Brown v. Farmers Mut. Ins. Co.*, 237 Neb. 855, 869, 468 N.W.2d 105, 115 (1991).

If the Association wanted the intoxication limits as prescribed in § 39-669.07 to apply to injuries sustained while dancing, walking, riding a bicycle, or any other activity, it should have specified these activities in the policy. Instead, the Association relied upon a statute which deals only with operating or being in actual physical control of any motor vehicle while intoxicated. Elizabeth Mahoney was not driving a car or in control of one when she was injured, and the plain meaning of the policy does not make it clear that the benefit exclusion would apply in this situation. The trial court was correct in finding that no genuine issue of material fact remained and in entering judgment of $83,736.53. We affirm the award.

We also affirm the trial court's award of $18,000 in attorney fees pursuant to § 44-359, which provides that the plaintiff in an action based on an insurance policy shall be allowed a reasonable sum as an attorney fee in addition to the amount of the recovery. We also hold that the plaintiffs should be awarded $5,000 as an attorney fee for their costs for this appeal, as provided by § 44-359.

AFFIRMED.